# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# OCALA DIVISION

Leeroy Levy Parson,
 Plaintiff,

v.                                                    Case No. _____
                                                      JURY TRIAL DEMANDED

 **Experian Information Solutions, Inc.;**

 **Equifax LLC;** and **TransUnion LLC**,
 Defendants.


## INTRODUCTION

1.    Plaintiff brings this action for damages under the Fair Credit Reporting Act, 15 U.S.C.

      § 1681 et seq. ("FCRA"), against the three nationwide consumer-reporting agencies

      ("CRAs") for their collective and individual failures to:

      a. conduct lawful, reasonable reinvestigations of a Metro 2 dispute letter, § 1681i;

      b. assure maximum possible accuracy of the information they publish, § 1681e(b); and

      c. provide a full file disclosure, § 1681g(a)(1).

2.    Plaintiff seeks statutory, actual, and punitive damages, together with costs and

      reasonable attorney's fees (if counsel is retained).


## JURISDICTION AND VENUE

3.    The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C.

      § 1681p.

4.     Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides here and the acts complained of were directed into, and caused injury within, this District.

## PARTIES

5.     Plaintiff Leeroy Levy Parson is a natural person and consumer, 15 U.S.C. § 1681a(c), who resides at 4686 SW 83rd Loop, Ocala, FL 34476.

6.     Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation and consumer-reporting agency, 15 U.S.C. § 1681a(f).

7.   Defendant Equifax LLC ("Equifax") is a Georgia limited-liability company and consumer-reporting agency.

8.     Defendant TransUnion LLC ("TransUnion") is a Delaware limited-liability company and consumer-reporting agency.

9.   Each defendant regularly assembles and sells consumer reports nationwide, including in Florida.

## FACTUAL ALLEGATIONS

9.   In April 2025 Plaintiff applied for a fixed-rate residential mortgage.

   a.   Because the CRAs were reporting incomplete and inaccurate information, the lender approved him only at **6.3 %** rather than the market average **4.5 %** available to well-qualified borrowers.

   b.   Plaintiff was forced to pay a **$10,262 down payment** and will pay thousands more in interest over the loan's life.

10. On May 13 2025 Plaintiff mailed a single, Metro 2-formatted dispute package via Certified Mail to each CRA . The letter demanded correction or deletion of multiple tradelines reporting: incomplete account numbers; blank or contradictory payment histories; mis-coded account types; and other Metro 2 omissions.

11.   The CRAs received the disputes but failed to comply with the FCRA, as detailed below.

## A. Experian

12.   Experian responded with a **"stall letter,"** claiming it needed additional information it already possessed, and refusing to open a reinvestigation within the 30-day window.

13.   Experian never furnished Plaintiff with a complete file disclosure containing the internal fields, dispute-handling notes, or furnisher responses required by § 1681g(a)(1).

14.   Experian continues to publish the disputed, incomplete data, injuring Plaintiff's creditworthiness.

## B. TransUnion

15.   TransUnion opened an Automated Consumer Dispute Verification ("ACDV") but, marked every item **"verified."**

16.   TransUnion relied solely on automated furnisher responses and never obtained the account-level documents necessary for a reasonable investigation.

17.   It likewise failed to provide a full file disclosure, omitting internal fields and dispute metadata.

## C. Equifax

18.    Equifax also used the ACDV system, rubber-stamped the items "verified," and left obvious Metro 2 gaps uncorrected.

19.    Equifax did not give Plaintiff the complete file required by § 1681g(a)(1), despite his written request.

20.    All three CRAs therefore reported incomplete, inaccurate, and misleading information that directly caused Plaintiff's higher mortgage rate.

## CAUSES OF ACTION

### COUNT I – FAILURE TO CONDUCT A REASONABLE REINVESTIGATION

### 15 U.S.C. § 1681i (Against All Defendants)

21.    Plaintiff realleges Paragraphs 1-20.

22.    Each CRA failed to conduct a reasonable reinvestigation after receiving Plaintiff's Metro 2 dispute, instead relying on deficient automated responses.

## COUNT II – FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY

### 15 U.S.C. § 1681e(b) (Against All Defendants)

23.    Plaintiff realleges Paragraphs 1-22.

24.    By continuing to publish incomplete and inaccurate information, Defendants violated their § 1681e(b) duties.

**COUNT III – FAILURE TO DISCLOSE FULL FILE**

**(15 U.S.C. § 1681g(a)(1))**

25.    Plaintiff realleges Paragraphs 1-24.

26.    Each CRA failed to provide "all information in the consumer's file at the time of the request," including internal coding, furnisher responses, and audit trails.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1.    Actual damages in an amount to be determined at trial, including but not limited to the $10,262 down payment and the incremental interest costs resulting from the inflated 6.3 % rate;

2.    **Statutory damages** of up to $1,000 per violation, totaling **$9,000** (three CRAs × three counts);

3.    **Punitive damages** for willful misconduct;

4.    **Costs and reasonable attorney's fees** under 15 U.S.C. §§ 1681n, 1681o;

5.    **Injunctive relief** compelling Defendants to correct the disputed data and provide full file disclosures; and

6.    Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.


**Respectfully submitted,**

**/s/ Leeroy Levy Parson**

Leeroy Levy Parson

4686 Southwest 83rd Loop

Ocala, FL 34476

Email:

**Pro Se Plaintiff**